IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

APR 0 2 2001

| | | |
|---|---|---|
| THE COLUMBIA BANK, | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No.: WMN-00-CV1002 |
| NETWORK 1 FINANCIAL CORPORATION, et. al. | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**AGREEMENT TO BE BOUND BY STIPULATED ORDER
REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL**

**WHEREAS**, Plaintiff The Columbia Bank and Defendants Powercard International, Inc., Network 1 Financial Corporation, EFTNet Corporation, Merchant Commerce, Inc. and Charter One Bank, FSB, by and through their respective undersigned counsel, have stipulated that certain discovery material be treated as confidential and while Citizens Bank, Central Bank & Trust Co., and West Side Auto Employees Federal Credit Union have neither agreed or disagreed;

It is this 2nd day of April_____, 2001, for good cause shown by the United States District Court for the District of Maryland, **ORDERED**:

1. **Designation of Discovery Materials as Confidential.** All information and documents produced in the course of discovery including, but not limited to, all answers to interrogatories, all answers to requests for admission, all responses and documents produced pursuant to requests for production of documents, all documents produced in response to any subpoena *duces tecum*

and all deposition testimony and deposition exhibits relating thereto shall be subject to this Order regarding confidential information, as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as confidential when it, in good faith, believes that the material contains sensitive personal information, trade secrets or other confidential research, development, or commercial information. The designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information.

(b) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential if they are designated as such when the deposition is taken or with ten (10) business days after receipt of the transcript. Any testimony which describes, relates to or references a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(c) Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed.

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances.

(i) Disclosure may be made to counsel and employees of counsel who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employer to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provision of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purposes of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be

subject to the provisions of this Order requiring that the documents and information be held in confidence.

(e)   Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f)   All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2.   **Confidential Information Filed with Court.**   To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____", together with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"). The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of

the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under ¶4 of this Confidentiality Order.

3. **Party Seeking Greater Protection Must Obtain Further Order.** No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Confidentiality Order unless the party claiming the need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c). During the pendency of such a motion, the party asserting such confidentiality shall not be required to produce or provide the information or document(s) which are the subject of the challenged designation.

4. **Challenging Designation of Confidentiality.** A party may challenge a designation of confidentiality upon motion. The burden of proving the confidentiality of designated information or document(s) remains with the party asserting such confidentiality. All documents designated Confidential remain "Confidential" pursuant to this Order until the challenging motion is disposed of or removed by consent.

5. **Return of Confidential Material at Conclusion of Litigation.** At the conclusion of the litigation, all material treated as confidential under the Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be

destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

Respectfully submitted,

_____
Dennis P. McGlone, Bar No. 04127
Brian L. Moffet, Bar No. 13821
Gordon, Feinblatt, Rothman,
 Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, Maryland  21202
410 576-4000
Attorneys for The Columbia Bank


_____
Victor G. Klingelhofer, Esq.
Cohen Mohr LLP
Suite 330
1420 Beverly Road
McLain, Virginia 22201
703 761-1100
**Attorneys for Network 1 Financial Corporation
 and EFTNet Corporation.**


_____
H. Kenneth Kudon, Esq.
Kudon Law Firm
Two Old Creek Court
Potomac, MD 20854
301-279-5634
**Attorneys for Powercard International, Inc.**

_____
H. Mark Stichel, Esq.
Gohn, Hankey & Stichel, LLP
Fidelity Building, Suite 1520
210 N. Charles St.
Baltimore, MD 21201
410-752-0412
**Attorneys for Merchant Commerce, Inc.**



_____
Steven E. Tiller, Esq.
Whiteford, Taylor & Preston, LLP
Seven St. Paul St.
Baltimore, MD 21202-1626
410-347-9425

and

R. Keith Moorman, Esq.
Brown, Todd & Heyburn
250 W. Main St., Suite 2700
Lexington, KY 40507
859-244-3231
**Attorneys for Central Bank & Trust Co.**


_____
Mitchell H. Kider, Esq.
Todd Newman, Esq.
Weiner, Brodsky, Sidman & Kider P.C.
1300 19th Street N.W., 5th Floor
Washington, D.C. 20036
202-628-2000
**Attorneys for Charter One Bank**

>  _____
>  J. Preston Turner, Esq.
>  Pope & Hughes
>  29 W. Susquehanna Avenue, Suite 110
>  Towson, Maryland 21204
>  410-494-7777
>  **Attorneys for West Side Auto Employees**
>   **Federal Credit Union**

**IT IS SO ORDERED** on this 2nd day of April, 2001.

_____
The Honorable William N. Nickerson, United States
District Court for the District of Maryland


PLD0613-L657-01

- 8 -